**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 2 8 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

Civ. No. 06-009 JP/RLP
Cr. No. 01-1335 JP

LAMAR ANTWAUN WILLIAMS,

Defendant/Movant.

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

1. This is a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255. Mr. Williams is currently incarcerated at FCI-1, Victorville, California. On April 11, 2006 the district court entered its Order requesting Mr. Williams to show cause why his § 2255 petition should not be dismissed as untimely. *See* Docket 7. Judgment against Mr. Williams was entered on February 4, 2003, he appealed to the Tenth Circuit Court of Appeals, and his petition for a writ of certiorari was denied on October 4, 2004. His request for rehearing was denied on August 1, 2005. *See id*; *United States v. Williams*, 356 F.3d 1268 (10th Cir.), *cert. denied* 543 U.S. 852 (October 4, 2004), *rehearing denied*, 126 S.Ct. 19 (mem.) (August 1, 2005). Mr. Williams federal § 2255 Motion was filed January 4, 2006.

2. The relevant date for starting the one-year limitation period is October 4, 2004. In *United States v. Willis*, 202 F.3d 1279 (2000), the court held that the date the

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.



judgment is final is the day certiorari is denied, regardless of whether rehearing is requested. *Id.* at 1280-81. The only exception is if the order denying certiorari is suspended. *Id.* In this case, the order was not suspended, see 534 U.S. 852 and 126 S.Ct. 19 (mem.).

3. By this calculation Mr. Williams' Motion is untimely by one year and three months (October 4, 2004 to January 4, 2006). In his "Motion to Show Cause" [Doc. 10], he argues that from September 17, 2005 until October 3, 2005 his facility was in lockdown and he was denied access to legal materials. He also claims that "large portions" of his petition were "removed and discarded" during cell searches, making it impossible for him to meet the October 4, 2005 deadline.

4. In response, the Government submits the Affidavit of Tanna Pierce, an employee of the Federal Bureau of Prisons at the facility where Mr. Williams is incarcerated. Ms. Pierce declares that the lockdown occurred from September 17 until September 28, 2005 and that during this time inmates were allowed access to the United States mail.[2]

5. The one year limitation period "may be subject to equitable tolling" where there are extraordinary circumstances beyond a prisoner's control that make it impossible to file a petition on time. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

6. Mr. Williams offers no explanation as to why he did not submit his § 2255 Motion between the dates of October 4, 2004 and October 4, 2005. Nor does he explain

---

[2] On May 6, 2006 an individual identified as M. Wolever, C-D Unit Manager for the Federal Bureau of Prisons submitted a letter to the Court advising that Mr. Williams was unable to utilize the law library from September 27, 2005 until early October due to the facility's lockdown.

2

why it took him three months from the date the lockdown ended to submit his § 2255 petition. Although he offers reasons for not being able to work on his petition for the week or so beginning September 17, 2005 and the cessation of the lockdown, he makes no factual showing for the year prior or the three months after. He has therefore failed to submit to this Court the requisite showing of extraordinary circumstances beyond his control to invoke equitable tolling.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 be denied as untimely and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge