IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                          Case No. CV 06-009 JP/RLP
                                                       CR 01-1335 JP

LAMAR ANTWAUN WILLIAMS,

        Defendant/Movant.

<u>MEMORANDUM OPINION</u>

On October 18, 2006 Defendant Lamar Williams delivered to prison authorities his Supplement to Magistrate's Report/Recommendation ("Supplement") (Doc. No. 20). After being mailed, this document was entered on the docket on October 24, 2006, though it is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). This Court entered its Order and Judgment on October 19, 2006 (Doc. Nos. 18, 19), after Defendant filed his Supplement, but prior to receiving it.

Now, having reviewed the Defendant's Supplement, which is composed solely of a copy of the Ninth Circuit's decision in *Roy v. Lampert*, 455 F.3d 945 (9th Cir. 2006), which has subsequently been amended and superseded on denial of rehearing by *Roy v. Lampert,* --F.3d--, 2006 WL 2708608 (9th Cir. Sept. 22, 2006), the Court concludes that Defendant has not presented any additional grounds or support for tolling the one-year limitation period for filing his habeas petition because of extraordinary circumstances. If anything, *Lampert* reinforces this

Court's earlier Order finding that Defendant had not demonstrated diligence in preparing his petition. *See Lampert*, 2006 WL 2708608 at *7 (petitioners are required to demonstrate diligence to show "that the extraordinary circumstances faced by petitioners . . . and not their lack of diligence - were the cause of the tardiness of their federal habeas petitions").

_____
SENIOR UNITED STATES DISTRICT JUDGE